## NEW MEXICO v. TEXAS.

IN EQUITY.

No. 2, Original. Decree entered April 9, 1928.

Decree overruling the exceptions of New Mexico to the master's report and sustaining those of Texas; dismissing the bill and sustaining the cross bill; declaring the boundary between the two States at the place in question; appointing a commission to run, locate and mark it as so defined, subject to the approval of the Court; with other incidental provisions touching the qualification of the Commissioner, his work, his report, exceptions thereto, costs, etc.

For the opinions in this case, see 275 U. S. 279, and p. 557 of this volume.

Announced by MR. JUSTICE SANFORD.

This cause having been heard and submitted upon the pleadings, the report of the special master and the ex-

ceptions thereto, and the Court having considered the same and announced its conclusions in an opinion of December 5, 1927, this day modified in certain respects, it is ordered, adjudged and decreed as follows:

1. The exceptions of the State of New Mexico to the master's report are overruled, and the exceptions of the State of Texas are sustained.

2. The bill of the State of New Mexico is dimissed, and the cross-bill of the State of Texas sustained.

3. The true boundary between the State of New Mexico and the State of Texas in the valley of the Rio Grande River, extending southwardly from the parallel of 32 degrees north latitude to the parallel of 31 degrees 47 minutes on the international boundary between the United States of America and the United States of Mexico, is the middle of the channel of the Rio Grande River as it existed on the 9th day of September, 1850, as outlined by the special master in Section V(1) of his report; the intersection of the east bank of the river with the line of the 32nd parallel to be taken at a point 600 feet west from the Clark Monument No. 1 as re-established by the Scott-Cockrell Commission, and the middle line of the channel to be taken 150 feet from the east and west banks of the river, respectively, as found by the special master.

4. Samuel S. Gannett, geodetic and astronomic engineer, is designated as commissioner to run, locate and mark the boundary between the two States as determined by this decree. In ascertaining and locating the line of said boundary, the commissioner shall use the most accurate method now known to science and applicable in that locality; and he shall mark the boundary, as thus ascertained, by establishing permanent monuments thereon, suitably marked and at appropriate distances.

5. The commissioner shall include in his report a description of the monuments so established and of their locations. And he shall file with his report the field notes

of his survey, showing the method used by him in ascertaining and locating the line of the boundary, and a map showing the boundary line as run and marked by him; also ten copies of his report and map.

6. Before entering upon his work the commissioner shall take and subscribe his oath to perform his duties faithfully and impartially. He shall prosecute the work with diligence and dispatch, and shall have authority to employ such assistants as may be needed therein; and he shall include in his report a statement of the work done, the time employed and the expenses incurred.

7. The work of the commissioner shall be subject in all its parts to the approval of the Court. One copy each of the commissioner's report and map shall be promptly transmitted by the clerk to the Governors of the two States; and exceptions or objections to the commissioner's report, if there be such, shall be presented to the Court, or, if it be not in session, filed with the clerk, within forty days after the report is filed.

8. If, for any reason, there occurs a vacancy in the commission when the Court is not in session, the same may be filled by the designation of a new commissioner by the Chief Justice.

9. All the costs of the cause not heretofore adjudged, including the compensation and expenses of the commissioner, shall be borne in equal parts by the two States.